IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:18-CR-00178-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| FERNAN SANCHEZ, JR | ) |

**FINAL ORDER OF FORFEITURE**

WHEREAS, on April 29, 2020, in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, this Court entered a Preliminary Order of Forfeiture [D.E. 62] pursuant to the provisions of 18 U.S.C. § 982(a)(1), 7 U.S.C. § 2024(b), and/or 18 U.S.C. § 981(a)(1)(C), preliminarily forfeiting the following property the United States:

One approximately 0.96 acre tract of real property, with all improvements thereto, located in Duplin County, North Carolina, and more fully described in a deed recorded in book 1569, page 650 of the Duplin County Registry, being titled in the name of Fernando Sanchez, Jr., and having the street address of 304 South Pine Street, Warsaw, North Carolina (the "Pine Street Real Property");

AND WHEREAS, the legal description of the Pine Street Real Property is set forth in the attached **Exhibit A**;

AND WHEREAS, the United States published notice of this forfeiture at the www.forfeiture.gov website for at least 30 consecutive days, between May 19, 2020

1

and June 17, 2020, as authorized by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, and said published notice advised all third parties of their right to petition the court within sixty (60) days from the first day of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property;

AND WHEREAS, the potential petitioners identified by the government as to the subject property in this criminal forfeiture action are the Duplin County Tax Administration, Sonia Benitez-Cardoso and Felipe Rico;

AND WHEREAS, service of the Preliminary Order of Forfeiture was made on the Duplin County Tax Administration via Federal Express on June 9, 2020;

AND WHEREAS, service of the Preliminary Order of Forfeiture was made on Sonia Benitez-Cardoso, via Federal Express on June 10, 2020;

AND WHEREAS, service of the Preliminary Order of Forfeiture was made on Felipe Rico, via Federal Express on June 9, 2020;

AND WHEREAS, service upon the subject real property was executed by posting of the Preliminary Order of Forfeiture on the property by an agent of the Internal Revenue Service on May 27, 2020;

AND WHEREAS, Petitioner Sonia Benitez-Cardoso filed a claim and petition on or about July 8, 2020 asserting a leasehold interest in the Pine Street Real Property;

And WHEREAS, the Court entered a Consent Order on December 2, 2020 resolving the claim and petition filed by Petitioner Benitez-Cardoso, whereby the

2

United States shall pay the Petitioner $95,000 from the net proceeds of the sale of the subject real property and Petitioner otherwise disclaimed all right, title, and interest in the Pine Street Real Property and expressly agreed to its forfeiture to the United States pursuant to a Final Order of Forfeiture, subject to the agreed-upon payment;

It is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. All right, title, and interest in the Pine Street Real Property that is listed in the April 29, 2020 Preliminary Order of Forfeiture and with the legal description set forth in the attached Exhibit A, is hereby forfeited to the United States, and all right, title, and interest shall be deemed vested in the United States as of the date of the commission of the offense by the defendant that rendered the Pine Street Real Property subject to forfeiture.

2. The United States Department of Justice and/or the United States Department of the Treasury is directed to dispose of the Pine Street Real Property according to law. Any and all liens of record which are not specifically recognized herein are hereby released as of the date of the closing of the sale of the Pine Street Real Property.

3. Except as expressly recognized herein, the forfeiture of the Pine Street Real Property to the United States is free and clear of all interests and no other person or entity shall have any right, title, or interest in the Pine Street Real Property. The United States, having clear title to the Pine Street Real Property, may warrant good title to any purchaser or transferee, subject to the terms of this Order.

4. Upon the closing of the sale of the Pine Street Real Property, the United States shall pay from the Pine Street Real Property's "Net Sale Proceeds," as that term is defined below, the amounts set forth herein.

5. The "Net Sale Proceeds" of the Pine Street Real Property shall be calculated as the gross sales proceeds that the United States realizes from the sale of the Property, less the following amounts that the United States pays, in the following priority, to the extent that sufficient gross proceeds are available to pay these amounts:

> a. First, to the Internal Revenue Service (IRS) for the payment of any and all costs and expenses incurred by the IRS in connection with the seizure, maintenance, forfeiture, marketing, and any and all costs of sale, including real estate commissions, escrow fees, document recording fees not paid by the buyer, title fees, insurance costs, if any, and transfer taxes;
>
> b. Second, to the Duplin County Tax Administration or other county tax authority as appropriate for all unpaid real property taxes due and owing up to the date of the entry of this Order;
>
> c. Third, to Sonia Benitez-Cardoso, in the amount of $95,000.00; and
>
> d. Finally, any remaining balance shall be forfeited to the United States and shall be disposed of according to law.

4

6. Payment to Duplin County as required herein shall be in full settlement and satisfaction of any and claims that Duplin County has or might have arising from and relating to the seizure, forfeiture, and sale of the Pine Street Real Property.

7. The Court shall retain jurisdiction for the purpose of enforcing the terms of this Order.

SO ORDERED this **18** day of **February**, 2021.

*A. Dever*
JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE

5